UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Persio Pichardo,<br><br>                    Plaintiff<br><br>          -against-<br><br>The City of New York, Richard Hyde, in his individual capacity; Nemesio Rodriguez, in his individual capacity; Michael Dougherty, in his individual capacity; Thomas Gergley, in his individual capacity; Steven Cohan, in his individual capacity; Clarence Fredericks, in his individual capacity; Michael Greaney, in his individual capacity; and Peter Mills, in his individual capacity,<br><br>                    -Defendants | ECF CASE<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>13 Civ. 4821 (RJS) |

## PRELIMINARY STATEMENT

1.      This is an action for money damages brought pursuant to the Civil Rights Act of 1871 and 42 U.S.C. §1983 for the defendants' commissions of acts under color of law in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

## JURISDICTION

2.      This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

3.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

## VENUE

4.      Venue is proper pursuant to 28 U.S.C. § 1391 (b) in that, *inter alia*, the events giving

rise to the claim occurred in the Southern District of New York.

## JURY DEMAND

5. Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

6. At the time of the events giving rise to this Complaint, Plaintiff PERSIO PICHARDO resided in Manhattan. He is currently incarcerated at McRae Correctional Institution in McRae, Georgia.

7. Defendant THE CITY OF NEW YORK (the "City") is a municipal corporation within the State of New York.

8. The New York City Police Department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, the NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, the NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

9. At all relevant times herein, defendants RICHARD HYDE, NEMESIO RODRIGUEZ, MICHAEL DOUGHERTY, THOMAS GERGLEY, STEVEN COHAN, CLARENCE FREDERICKS, MICHAEL GREANEY, and PETER MILLS (the "Individual Defendants") were police officers employed by the NYPD and each was acting in the capacity of agent, servant, and employee of the City.

10. At all relevant times herein, defendants Richard Hyde, Nemesio Rodriguez, Michael Dougherty, Thomas Gergley, Steven Cohan, Clarence Fredericks, Michael Greaney all held the rank of detective. Defendant Peter Mills held the rank of sergeant.

11. Pictures of the Individual Defendants are annexed hereto in Exhibit A.[1]

12. At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The Individual Defendants were acting for and on behalf of the City of New York at all times relevant herein with the power and authority vested in them as officers, agents and employees of the City of New York and incidental to the lawful pursuit of their duties as officers, agents and employees of the City of New York.

13. The Individual Defendants are sued in their individual capacities.

## STATEMENT OF FACTS

14. On the morning of July 13, 2010, the Individual Defendants were preparing to execute a search warrant at Plaintiff Persio Pichardo's apartment on the 6th Floor of 165 Sherman Avenue in Manhattan.

15. Through the use of video surveillance equipment, Mr. Pichardo saw a person in the hallway outside of his apartment.

16. Unbeknownst to Mr. Pichardo at the time, the person he saw was a NYPD detective

---

[1] The pictures in these exhibits are "stills" captured from surveillance video taken during the execution of a search warrant of Mr. Pichardo's apartment.

in plain clothes.

17. Mr. Pichardo went into the hallway outside his apartment with a gun in his hand.

18. Presumably in response to seeing the gun, the plain-clothes detective in the hallway fired his service pistol multiple times in Mr. Pichardo's direction, at which time Mr. Pichardo retreated into his apartment.

19. Immediately after the shots were fired, the Individual Defendants arrived by elevator onto Mr. Pichardo's floor and thereafter entered his apartment to execute the search warrant.

20. Mr. Pichardo opened the door to his apartment and simultaneously and immediately put his hands up in the air.

21. The Individual Defendants then entered the apartment.

22. As they entered the apartment Mr. Pichardo was inside with his hands still up.

23. One of the Individual Defendants, who is pictured in Exhibit A, kicked Mr. Pichardo to the ground, causing pain and physical injury.

24. Several of the other Individual Defendants, including those pictured in Exhibit B and C, kicked and hit Mr. Pichardo about his head and body, causing pain and physical injury.

25. The Individual Defendants who did not attack Mr. Pichardo, as well as those who did, had the opportunity to stop the other Individual Defendants from assaulting Mr. Pichardo. However, despite being in a position to do so, they failed to intervene to stop the attack.

26. As a direct and proximate result of the acts of the defendants, Mr. Pichardo suffered, *inter alia*, pain, physical injury, psychological injury, and emotional distress and suffering.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the Individual Defendants
### Excessive Force

27.     All other paragraphs herein are incorporated by reference as though fully set forth.

28.     By their use of excessive force during the execution of the search warrant and the arrest of Plaintiff, the Individual Defendants engaged under color of law in the violation of Plaintiff's right under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from excessive force.

### SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the Individual Defendants
### Failure to Intervene

29.     All other paragraphs herein are incorporated by reference as though fully set forth

30.     The Individual Defendants failed to intervene on Plaintiff's behalf to prevent the violation of his Constitutional right to be free from excessive force despite having been in the position and the opportunity to do so.

31.     As a result of the aforementioned conduct of the Individual Defendants, Plaintiff's Constitutional rights were violated and he was subjected to excessive force and sustained injuries.

### THIRD CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the City of New York

32.     All other paragraphs herein are incorporated by reference as though fully set forth.

33.     Municipal liability for the violations of Plaintiff's Fourth and Fourteenth Amendment rights rests upon the grounds set forth below.

34.     At all times material to this complaint, the defendant City, acting through the NYPD

and the Individual Defendants, had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

      35.    At all times material to this complaint, the defendant City, acting through the NYPD and the Individual Defendants, had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.

WHEREFORE, Plaintiff requests that this Court:

1. Assume jurisdiction over this matter;

2. Award compensatory and punitive damages to Plaintiff against the Defendants;

3. Award Plaintiff reasonable costs, disbursements and attorneys' fees; and

4. Grant any other relief this Court deems appropriate.

Dated: New York, New York
       July 11, 2013

                                      Respectfully submitted,

                                      Darius Wadia, L.L.C.

                                      /s/
                                      _____
                                      By: Darius Wadia (Bar number DW8679)
                                      Attorney for Plaintiff
                                      233 Broadway, Suite 2208
                                      New York, New York  10279
                                      dwadia@wadialaw.com

Exhibit A



Exhibit A 1 of 14







